UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ANN TILLMAN** § | **CIVIL ACTION NO.:** |
| **Plaintiff** § | |
| § | |
| **VERSUS** § | **SECTION:** |
| § | |
| **WALMART, INC.** § | |
| **Defendant.** § | **MAGISTRATE:** |

## NOTICE OF REMOVAL

TO: The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendant, Walmart, Inc., files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1.  On June 28, 2019, Ann Tillman filed this lawsuit against Walmart, Inc. in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, bearing Case No. 2019-0001976 and entitled *Ann Tillman v. Walmart, Inc.* (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2.  Walmart, Inc. was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on July 18, 2019. (*See* CT Corporation Service of Process Transmittal Notice attached hereto and marked for identification as Exhibit "B".)

3.     The suit seeks damages from Walmart, Inc. for damages allegedly sustained by the plaintiff as a result of an incident that occurred at the Walmart Supercenter located at 1331 US-51 Business, Ponchatoula, LA 70454, on December 13, 2018.

4.     Plaintiff alleges in Paragraph 8 of the Petition that as a result of the aforementioned accident, she sustained damages in the form of physical pain and suffering, past and future; mental anguish, past and future; cost and expenses of medical care, past and future; loss of enjoyment of life, past and future; and lost wages, past and future.  The Petition fails to provide a general allegation that the claim exceeds or is less than the amount necessary to provide lack of jurisdiction of federal court due to insufficiency of damages. La. C.C.P. Article 893.

5.     Medical records submitted by plaintiff's counsel include those from North Oaks Health Systems for the period December 13, 2018 through March 15, 2019, with charges of $50,6011.24.

**I.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

6.     28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

**A.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

7.     The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts*

in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

8. Plaintiff has alleged injuries and damages that, if true, which defendant vehemently denies, place an amount in controversy which exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op.

9. While Walmart, Inc. admits no liability, nor any element of damages, Wal-Mart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### B.   COMPLETE DIVERSITY

10. Walmart, Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

11. Plaintiff is a resident and domiciled in the Parish of Tangipahoa, State of Louisiana.

12. Accordingly, there is complete diversity of citizenship between the Plaintiff and the only named defendant.

13. This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

14. Walmart, Inc. was served with a copy of the Citation and Petition for Damages on July 18, 2019.

## II. WALMART INC. HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

15. This Notice of Removal is being filed within thirty (30) days after first receipt by Walmart, Inc. of a copy of the initial pleadings setting forth the claim of relief upon which the action is based, it is therefore timely under 28 U.S.C. § 1446(b).

16. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

17. The 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

18. No previous application has been made by Walmart, Inc. in this case for the relief requested herein.

19. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Ann Tillman, and a copy is being filed with the Clerk of Court for the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

20. Petitioner, Walmart, Inc., desires and is entitled to **trial by jury** of all issues herein.

**WHEREFORE**, defendant, Walmart, Inc., hereby removes this action from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

*/s/ Roy C. Beard*
ROY C. BEARD, #17461
(rcb@mcsalaw.com)
MCCRANIE, SISTRUNK, ANZELMO, HARDY
McDANIEL & WELCH
909 Poydras Street, Suite 1000
New Orleans, La. 70112
(504) 831-0946
**ATTORNEY FOR DEFENDANT**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon all known counsel of record by facsimile, electronic mail and/or by depositing same in the United States Mail, first class postage prepaid and properly addressed on this _____ day of _____, 2019.

_____
ROY C. BEARD