UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANN TILLMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12161** |
| **WALMART, INC.** | **SECTION D (3)** |

### ORDER

Plaintiff Ann Tillman moves for partial summary judgment on the issue of liability.[1] Defendant Walmart has filed an Opposition,[2] and Plaintiff has filed a Reply.[3] After careful review of the parties' memoranda, the record, and the applicable law, the Court denies the Motion.

**I.   FACTUAL BACKGROUND**

This case arises out of a slip and fall in a Ponchatoula Walmart. On December 13, 2018, Ann Tillman and her cousin were shopping at the store. That morning it was raining "on and off"[4] and Walmart had implemented its rainy-day policy to ensure the safety of its customers.[5] As Plaintiff was leaving Walmart, she stepped outside, only to realize her friend with whom she had been shopping had not followed her.[6] As Tillman walked back into the store, she slipped and fell on the floor next to the mat, injuring herself.[7] Tillman testified at her deposition that the floor was wet

---

[1] R. Doc. 32.
[2] R. Doc. 36.
[3] R. Doc. 40.
[4] R. Doc. 32-6 at 3 (Plaintiff's deposition).
[5] R. Doc. 32-4 at 7 (Walmart's corporate deposition).
[6] R. Doc. 32-6 at 7; R. Doc. 32-5 (Video evidence).
[7] R. Doc. 23-6 at 8-9, R. Doc. 32-5.

where she fell.[8] An employee had been in the general area where Plaintiff fell around ten to fifteen minutes before her fall.[9] Tillman later filed suit against Walmart in the 21st Judicial District Court for the Parish of Tangipahoa, alleging that Walmart was responsible for her injuries.[10] Walmart removed this matter to this Court on the basis of diversity jurisdiction.[11]

Plaintiff now moves for partial summary judgment on the issue of liability.[12] Specifically, Tillman argues that the undisputed material facts demonstrate that an unreasonably dangerous condition existed, that Walmart had either actual or constructive notice of the condition, and that Walmart failed to exercise reasonable care. Tillman argues that Walmart had notice that the floor was wet as a matter of law because an employee was in the vicinity of the accident shortly before Tillman fell, Walmart knew it was raining and therefore Walmart should have known that water would accumulate near the entrance. Tillman further argues that Walmart failed to exercise reasonable care as a matter of law because it did not follow its rainy-day procedures, nor did it either monitor the area or mop the area where Tillman fell within a reasonable amount of time before her fall.

Walmart has filed an Opposition,[13] in which it argues that Tillman cannot establish actual or constructive notice of the condition that caused her fall, as a disputed issue of material fact exists concerning whether Walmart had notice of the

---

[8] R. Doc. 32-6 at 8-9.
[9] *See* R. Doc. 32-5.
[10] R. Doc. 1-1 (state court petition).
[11] R. Doc. 1.
[12] R. Doc. 32.
[13] R. Doc. 36.

wet floor. Walmart also argues that an issue of material fact exists as to whether Walmart exercised reasonable care, as failure to follow its rainy day procedures is not dispositive of the issue. Plaintiff has filed a Reply[14] in which she reiterates the undisputed facts which she believes establishes Walmart's liability. Plaintiff further distinguishes cases cited by Walmart regarding notice and stresses that Walmart's failure to follow its own policies demonstrates it failed to exercise reasonable care as a matter of law.

## II. LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[15] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[16] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[17] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[18]

---

[14] R. Doc. 40.
[15] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).
[16] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).
[17] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[18] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[19] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[20] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[21] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[22]

III. ANALYSIS

The parties agree that this case is governed by the Louisiana Merchant Liability statute, La. R.S. 9:2800.6.[23] For a plaintiff to prevail against a merchant in a slip and fall negligence action like this one, the plaintiff must show that the merchant is negligent under the Louisiana Merchant Liability statute.[24] Under La.

---

[19] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).
[20] *Id.* at 1265.
[21] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
[22] *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553 (*quoting* Fed. R. Civ. P. 56(e)).
[23] R. Docs. 20 & 26.
[24] *Betemps v. Dolgencorp, LLC*, Civ. A. No. 17-7880, 2018 WL 4104216, at *3 (E.D. La. Aug. 29, 2018) (citing authority).

R.S. 9:2800.6, a plaintiff bringing a negligence claim against a merchant for injuries resulting from a fall allegedly caused by conditions existing on a merchant's premises must show that: (1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care.[25] The plaintiff must prove all three elements to prevail.[26] Here, the disputed elements are (1) whether Walmart had actual notice of the slippery floor; (2) whether Walmart had constructive notice of the slippery floor; and (3) whether Walmart exercised reasonable care.

The Court first considers whether Walmart had actual notice of the condition that allegedly causes Plaintiff's fall. Plaintiff argues that because Walmart had notice it was raining, it necessarily had actual notice that the area near the doors would accumulate water. The fact that Walmart knew it was raining is not sufficient to demonstrate that it had actual notice that the floor near the doors was wet.[27] Indeed, at her deposition, Plaintiff indicated she had no information to suggest a Walmart employee knew the floor to be wet or caused the floor to be wet.[28] The case

---

[25] La. R.S. 9:2800.6(B).
[26] *Betemps, LLC*, Civ. A. No. 17-7880, 2018 WL 4104216 at *3 (citing *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So.2d 1081, 1084).
[27] *See Fountain v. Wal-Mart Stores, Inc.*, 297 So. 3d 100, 109 (La. App. 3 Cir. 2020) ("[E]vidence that it was raining, that an area in which a fall occurred was visible to store personnel, and/or that Wal-Mart should have foreseen the hazard created by rain puddles at or near the entrance of this high volume store because it knew it was raining, is insufficient to support a finding that it had constructive notice.").
[28] R. Doc. 36-1 at 9-10 ("Q. Do you have any information to suggest that a Walmart employee knew that the floor was wet before the fall? A. No, sir. Q. Do you have any information to suggest that a Walmart employee caused the floor to be wet? A. No, sir.").

Plaintiff relies on, *Barton v. Walmart*,[29] is not to the contrary. That case involved a Louisiana appellate court affirming a trial court's determination that a Walmart had actual notice of wet floors during a bench trial. It does not stand for the proposition that a merchant automatically has actual notice of water in vestibules only because it knows that it is raining, especially within the confines of the analysis of a pretrial motion.

Plaintiff also argues that the presence of an employee in the vicinity of the fall ten to fifteen minutes before Plaintiff's fall demonstrates actual notice. Although the video does show an employee in the area, it does not clearly indicate that the employee knew of the condition before Tillman's fall.[30] Moreover, "The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition."[31] If the presence of an employee alone cannot constitute constructive notice, it also cannot constitute actual notice unless the evidence demonstrates that the employee had knowledge of the condition. The evidence does not support a finding that the employee had actual notice in this case. Accordingly, a disputed issue of material fact exists regarding Walmart's actual notice which precludes summary judgment.

The Court next considers whether Walmart had constructive notice of the condition that caused Tillman's fall. Tillman again points to the employee's presence

---

[29] 704 So. 2d 361 (La. App. 3 Cir. 1997).
[30] R. Doc. 32-5 (manual attachment).
[31] La. R.S. 2800.6(C)(1).

in the area of the fall before the incident. Tillman also argues that Walmart knew the entrance to the vestibule would get wet, as it had instituted its rainy-day policy; yet it did not mop the area where Plaintiff fell for over an hour.

Tillman fails to establish the absence of a disputed material fact as to whether Walmart had constructive notice, and therefore Plaintiff is not entitled to summary judgment. Specifically, an issue of material fact exists as to how long the floor was wet before Plaintiff's fall. As the Louisiana Supreme Court held in *White v. Wal-Mart Stores, Inc.*,[32] such evidence is required to prove constructive notice. Although Plaintiff has presented circumstantial evidence that the floor had been wet for some time before Plaintiff's fall, this evidence is not so compelling as to require a directed verdict at trial.[33]

The cases relied on by Plaintiff are not to the contrary. Plaintiff cites to *Oalmann v. K-Mart Corp.*,[34] a case in which the Louisiana Fifth Circuit upheld a trial court's determination that a K-Mart had constructive notice of water in an entranceway because store employees knew it was raining and knew the entranceway would become wet. But, as with *Barton*, that case only upheld a trial court's factual determination *at trial* that K-Mart was liable. That case does not stand for the proposition that every time a store is aware that it is raining or that water may accumulate, the store necessarily has constructive knowledge that the entranceway is wet as a matter of law. Nor is the ruling in that case dispositive for a ruling on a

---

[32] 699 So. 2d 1081, 1085 (La. 1997) ("The claimant bears the burden to show that the condition existed for some period of time.").
[33] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).
[34] 630 So. 2d 911 (La. App. 4 Cir. 1993).

Motion for Summary Judgment. Similarly, Walmart's failure to adhere to its rainy-day policy is insufficient to prove constructive notice, as it does not prove that Walmart had constructive knowledge of the condition that caused Tillman's fall.[35] Accordingly, because an issue of disputed material fact exists as to Walmart's notice of the condition that caused Plaintiff's fall, summary judgment is inappropriate. Further, because the Court finds that an issue of disputed material fact exists as to Defendant's notice—one of the factors required under Louisiana's Merchant Liability statute[36]—the Court does not reach Plaintiff's arguments regarding whether Walmart acted with reasonable care.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

New Orleans, Louisiana, January 15, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[35] *See, e.g.*, *Fountain v. Wal-Mart Stores*, 297 So. 3d 100, 109 (La. App. 3 Cir. 2020) ("[E]ven the lack of a specific plan to warn customers of a wet floor is irrelevant when the plaintiff fails to produce evidence that defendant had any notice of the liquid's presence on the floor prior to the fall."); *Boeshans v. Petsmart, Inc.*, 951 So. 3d 414, 417 (La. App. 5 Cir. 2007) ("We are unconvinced by plaintiffs' argument that Mr. Bryant's testimony as to the lack of the existence of a specific policy to handle the entrance on a rainy day is sufficient to defeat defendant's motion for summary judgment.").
[36] La. R.S. 9:2800.6.