UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANN TILLMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12161** |
| **WALMART, INC.** | **SECTION D (3)** |

### ORDER

Before the Court is Defendant Walmart, Inc's Motion to Extend Export Report Deadline or, in the Alternative, Motion to Strike.[1] The Motion is opposed,[2] and Defendant has filed a Reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court denies the Motion.

### I. FACTUAL BACKGROUND

This case arises out of a slip and fall in a Ponchatoula Walmart. On December 13, 2018, Ann Tillman and her cousin were shopping at the store. Tillman allegedly slipped on rainwater that had accumulated near the store's entrance, severely injuring herself.[4] Tillman filed suit against Walmart,[5] and Walmart removed this matter to federal court on the basis of diversity jurisdiction.[6]

After the case was removed, this Court issued a scheduling order setting trial for June 29, 2020.[7] On March 20, 2020, the parties jointly moved to continue the

---

[1] R. Doc. 48.
[2] R. Doc. 52.
[3] R. Doc. 56.
[4] *See* R. Doc. 1-1 (state court petition).
[5] *Id.*
[6] R. Doc. 1.
[7] R. Doc. 11.

trial date and pretrial deadlines partially due to "the current uncertainty with Plaintiff's Treatment."[8] In that joint motion, the parties indicated that they needed additional time "to depose the two remaining experts."[9] The Court granted the continuance, and set new deadlines.[10] As relevant here, the Court set a deadline for Walmart to exchange its expert reports with Plaintiff by July 6, 2020.[11] The discovery cutoff was August 3, 2020, thus giving the parties an additional four months to conduct discovery.[12] In compliance with the Amended Scheduling Order, in early June Plaintiff exchanged expert disclosures with Walmart in which she listed no less than six specific treating physicians, including Dr. Brian Ladner.[13] The expert disclosures noted that the doctors would testify about "Plaintiff's prognosis and future treatment needs."[14] On August 4, 2020—the day after the discovery cutoff—Walmart took Dr. Ladner's deposition. Walmart represents that "for the first time, Dr. Ladner testified that Plaintiff was complaining of <u>bilateral</u> knee pain."[15]

Walmart has filed a Motion to Extend the Expert Report Deadline, seeking to modify the scheduling order "to provide ample time to designate a medical expert and prove a written report in light of this recently disclosed medical evidence."[16] Walmart argues good cause exists for an extension because it has not retained a medical expert and requires one to rebut Plaintiff's arguments that she will require future medical

---

[8] R. Doc. 18 at 2. The Joint Motion was also prompted by the COVID-19 health emergency.
[9] R. Doc. 18 at 2.
[10] R. Doc. 22.
[11] *Id.* at 1.
[12] *Id.* at 2.
[13] R. Doc. 52-2.
[14] *Id.* at 4.
[15] R. Doc. 48-1 at 1 (emphasis in the original).
[16] R. Doc. 28-1 at 2.

care. Walmart further argues that a continuance will cure any prejudice Tillman may face, and that a medical expert's testimony is of the "upmost importance" to Walmart's case.[17]

Tillman has filed an Opposition,[18] arguing that Walmart has failed to demonstrate good cause for a further modification of the Amended Scheduling Order. Tillman argues that Walmart has not demonstrated why it did not hire a medical expert before the expert deadline, when Tillman's medicals were a primary focus of this case, nor seek an independent medical examination of Plaintiff. Tillman also contends, and produced an email in support, that it specifically questioned Defendant about whether it intended to depose Plaintiff's treating physician in late June in light of Plaintiff's medicals, yet Defendant did not even request the deposition until July 21, 2020, two weeks after its expert deadline.[19] Tillman also points to various parts of the record demonstrating that Tillman may have future medical needs. Tillman further argues that testimony from another medical expert "may well be redundant" and that Plaintiff will be unduly prejudiced if Defendant can manipulate the Scheduling Order or if the deadlines are continued yet again. Walmart has filed a Reply,[20] in which it repeatedly stresses that it had no evidence that Plaintiff would require surgery on *both* knees until it deposed Dr. Ladner. Defendant further alleges

---

[17] R. Doc. 28-1 at 2.
[18] R. Doc. 52.
[19] R. Doc. 52-3 and 52-4.
[20] R. Doc. 56.

that due to COVID-19 restrictions put in place by Ochsner, Dr. Ladner's employer, Defendant was unable to schedule the deposition until August 4, 2020.[21]

## II. ANALYSIS

Federal Rule of Civil Procedure 16(b)(4) provides that a Scheduling Order "may be modified only for good cause and with the judge's consent."[22]  According to the Fifth Circuit, "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[23]  In determining whether the movant has met its burden of proving "good cause" under Rule 16(b)(4), this Court must consider four factors: (1) the movant's explanation for failing to meet the deadline; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to cure such prejudice.[24]  A district court has broad discretion to control pretrial deadlines.[25]

The Court focuses here on the first factor:  the movant's explanation for failing to meet the deadline.  A review of Walmart's Witness List[26] demonstrates that Walmart hired no medical expert, even though one of the main focuses of this case was going to be Plaintiff's medicals.  Indeed, Plaintiff's Witness List enumerated no fewer than eight doctors.[27]  This suggests a lack of diligence on the part of Defendant.

---

[21] R. Doc. 56.
[22] Fed. R. Civ. P. 16(b)(4).
[23] *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (*quoting* 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).
[24] *Cartier v. Egana of Switzerland (America Corp.)*, Civ. A. No. 3:08-CV-0001-D, 2009 WL 614820, at *3 (N.D. Tex. Mar. 11, 2009) (citing *S&W Enterprises, L.L.C.*, 315 F.3d at 536).
[25] *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990).
[26] R. Doc. 17.
[27] *See* R. Doc. 16.

Further, Walmart's argument that it did not know that Tillman may have future medical costs, including a bilateral knee replacement, is contrary to the evidence in the record. The parties' joint Motion for a Continuance referenced the uncertainty of Tillman's future medicals.[28] Plaintiff's expert disclosures note that Plaintiff's experts may testify on "Plaintiff's prognosis and future treatment needs."[29] Further, Plaintiff testified at her deposition that she continued to have problems with her knee.[30] Finally, Defendant contends that Dr. Ladner's deposition could not be taken earlier due to his employer's COVID-19 restrictions but provides the Court no evidence in support of this assertion. The Court fully recognizes that COVID-19 disrupted the world, and especially those who work in healthcare, and the Court addressed that by extending discovery for an additional four months. Plaintiff also provided an email from June in which it inquired from Defendant whether Defendant would be requesting the deposition of Plaintiff's treating physician.[31] Defendant offers no explanation for why it did not promptly respond to this email and schedule Dr. Ladner's deposition. In short, Defendant was plainly on notice that Plaintiff's future medicals may be an issue at trial, and yet it was still dilatory in retaining *any* medical expert or seeking to depose Plaintiff's treating physician. That Plaintiff's future medical treatment may take the form of a bilateral knee replacement does not change this basic fact. The Court further notes that Walmart did not move to extend the relevant deadlines until two months after Dr. Ladner's deposition, two weeks after

---

[28] *See* R. Doc. 18.
[29] R. Doc. 52-2 at 4.
[30] R. Doc. 52-1.
[31] R. Doc. 52-3.

Defendant's expert report deadline had passed, again suggesting unreasonable delay on Walmart's part.  In short, Walmart has offered no reasonable explanation for its failure to comply with the Court's Scheduling Order.

The other factors also, in sum, weigh against granting a continuance.  However important the testimony may be to Walmart's case, "[t]he importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders."[32]  Indeed, "[t]he claimed importance of expert testimony underscores the need for [Walmart] to have timely designated [its] expert witness so that [it] could prepare for trial."[33]  Further, Tillman would be prejudiced should the Court grant Walmart's Motion, as re-opening discovery, especially as to medical issues, will increase the costs of litigation and interfere with preparation for trial.[34]  Finally, the Court does not find that a continuance would cure this prejudice.  Here, Plaintiff will still deal with increased costs of litigation and revised trial preparations should the Court grant Walmart's Motion.  The Court does not find that such a continuance is justified in light of Walmart's lack of diligence with respect to retaining a medical expert.  Accordingly, Defendant's Motion to extend the expert report deadline must be denied.

The Court also denies Walmart's Motion in the Alternative to Strike.  Motions to Strike are "disfavored and infrequently granted."[35]  Across both its opening Motion

---

[32] *Geiserman*, 893 F.2d at 792.
[33] *Id.*
[34] *See Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996).
[35] *Spoon v. Bayou Bridge Pipeline*, 335 F.R.D. 468, 470 (M.D. La. Aug. 20, 2020) (quoting *American S. Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626-67 (E.D. Tex. 2010)).

and its Reply, Walmart devotes only two sentences to its Motion to Strike.[36] As described above, the Court has found that Walmart had sufficient notice that Plaintiff may seek future medical costs, and Walmart took no efforts to retain a medical expert. As such, the evidence does not support that Walmart was "ambushed" with evidence of Plaintiff's future medical needs.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Extend Expert Report Deadline or, in the Alternative, Motion to Strike is **DENIED**.

New Orleans, Louisiana, March 22, 2021.

*[signature: Wendy B Vitter]*

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[36] R. Doc. 48-1 at 3.