UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANN TILLMAN                                              CIVIL ACTION

VERSUS                                                   NO. 19-12161

WALMART, INC.                                            SECTION D (3)

### ORDER

Plaintiff Ann Tillman has filed a Motion *in Limine* requesting the Court exclude or limit certain evidence from being presented to the jury.[1] The Court notes that although Defendant Walmart, Inc. ("Walmart") has not filed an opposition, the Court has considered the merits of the Motion. After careful review of the Plaintiff's memoranda, the record, and the applicable law, the Court **GRANTS** the Motion in part and **DENIES** it in part.

I.  **FACTUAL BACKGROUND**

This case arises out of a slip and fall in a Ponchatoula Walmart. On December 13, 2018, Ann Tillman and her cousin were shopping at the store. That morning it was raining "on and off"[2] and Walmart had implemented its rainy-day policy to ensure the safety of its customers.[3] As Plaintiff was leaving Walmart, she stepped outside, only to realize her friend with whom she had been shopping had not followed her.[4] As Plaintiff walked back into the store, she slipped and fell on the floor next to

---

[1] R. Doc. 82.
[2] R. Doc. 32-6 at 3 (Plaintiff's deposition).
[3] R. Doc. 32-4 at 7 (Walmart's corporate deposition).
[4] R. Doc. 32-6 at 7; R. Doc. 32-5 (Video evidence).

the mat, injuring herself.[5] Plaintiff testified at her deposition that the floor was wet where she fell.[6] An employee had been in the general area where Plaintiff fell around ten to fifteen minutes before her fall.[7] Plaintiff later filed suit against Walmart in the 21st Judicial District Court for the Parish of Tangipahoa, alleging that Walmart was responsible for her injuries.[8] Walmart removed this matter to this Court on the basis of diversity jurisdiction.[9]

Plaintiff has filed a Motion *in Limine* and is seeking to exclude or limit certain evidence from being presented to the jury.[10] Specifically, Plaintiff asks the Court to prohibit Defendant Walmart, Inc. from referring to and/or offering any evidence of the following:

A. Plaintiff hiring an attorney;

B. Any settlement offers or settlement negotiations;

C. Testimony or documents not timely disclosed;

D. Testimony of individuals not timely identified;

E. Testimony and/or opinions of experts not timely identified and any court rulings prohibiting Defendant from offering said testimony due to failure to comply with the Amended Scheduling Order;

F. Character evidence of Plaintiff;

G. Plaintiff's alleged drug problem or alleged drug seeking behavior;

---

[5] R. Doc. 23-6 at 8-9, R. Doc. 32-5.
[6] R. Doc. 32-6 at 8-9.
[7] *See* R. Doc. 32-5.
[8] R. Doc. 1-1 (state court petition).
[9] R. Doc. 1.
[10] R. Doc. 82.

  H. Plaintiff's unrelated injuries;

  I. Prior motor vehicle collisions or prior incidents or injuries;

  J. Evidence pertaining to Plaintiff's previous and other claims;

  K. Evidence pertaining to photographs or video surveillance of Plaintiff taken by an investigator at any time after the subject incident;

  L. Collateral source;

  M. This Motion *in Limine*

Plaintiff argues that allowing evidence to be admitted concerning the above listed issues would cause great harm to Plaintiff's case and would deprive her of a fair and impartial trial. Plaintiff further requests that the Court allow her to make "Golden Rule" arguments in arguing liability to the jury.

## II. LEGAL STANDARD

According to the Fifth Circuit, the purpose of a Motion *in Limine* is to prohibit opposing counsel "from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds."[11] Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, or if the fact it seeks to prove is of consequence in determining the action.[12] While all relevant evidence is admissible,

---

[11] *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (quotation and internal quotation marks omitted).
[12] Fed. R. Evid. 401.

the Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[13] The Fifth Circuit has held that, "The exclusion of evidence under Rule 403 should occur only sparingly."[14] However, district courts are afforded wide discretion in determining the relevance and admissibility of evidence under Fed. R. Evid. 401 and 402,[15] and a district court's ruling on admissibility under Rule 403's balancing test will not be overturned on appeal absent a clear abuse of discretion.[16] When the district court conducts "a carefully detailed analysis of the evidentiary issues and the court's own ruling, appellate courts are chary about finding an abuse of discretion."[17]

### III. ANALYSIS

#### A. Reference to Plaintiff Hiring an Attorney or Fee Basis

Granted. Evidence that Plaintiff hired an attorney to resolve this present dispute, or any fee basis between counsel and Plaintiff, is not relevant under Fed. R. Evid. 402 and thus not admissible.

#### B. Reference to Settlement Offers or Settlement Negotiations

The Federal Rules of Evidence prohibit admitting evidence of an offer and/or acceptance of compromise of a claim that was disputed as to either validity or

---

[13] Fed. R. Evid. 403.
[14] *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993); *see United States v. Powers*, 168 F.3d 741, 749 (5th Cir. 1999) (same).
[15] *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).
[16] *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1153 (5th Cir. 1981).
[17] *Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350, 356 (5th Cir. 1995).

amount.[18] The Rules further prohibit admitting evidence of conduct or statements made during settlement negotiations about the claim.[19] Accordingly, any evidence of settlement negotiations or offers is excluded.

### C. Testimony or Documents not Timely Disclosed

Plaintiff seeks to exclude "any offer of evidence or testimony of any witness for any purpose, or the offer of any documents when the identity of such witnesses or documents was not timely disclosed."[20] Plaintiff provides no specific information about what she is seeking to exclude. As there is not enough information to rule on this issue without it being speculative on the part of the Court, the Court denies the motion as to this request as premature. The Court reminds all counsel that they are obliged to abide by the Scheduling Order and any pre-trial procedures in place or file the appropriate motion for the Court to make a determination of "good cause" to amend the Scheduling Order.

### D. Testimony of Individuals Not Identified in Accordance with the Court's Amended Scheduling Order

As with "C" above, Plaintiff fails to provide any specific evidence or individual she seeks to exclude. As there is not enough information to rule on this issue without it being speculative on the part of the Court, the Court denies the motion as to this request as premature. As stated above, the Court reminds all counsel that they are obliged to abide by the Scheduling Order and any pre-trial procedures in place or file

---

[18] Fed. R. Evid. 801(a)(1).
[19] Fed. R. Evid. 408(a)(2).
[20] R. Doc. 82-1.

the appropriate motion for the Court to make a determination of "good cause" to amend the Scheduling Order.

### E. Testimony or Opinions of Experts

Plaintiff advises that Defendant has not disclosed any experts in accordance with the Court's Amended Scheduling Order. To the extent that an expert or expert report has not been timely disclosed, such expert will not be allowed to testify.

### F. Character Evidence

Plaintiff seeks to exclude any character evidence of the Plaintiff that is not "pertinent" to the case. Plaintiff has not provided the Court with any specifics regarding such character evidence. The Court notes that this request, as stated, is overly broad and speculative. Plaintiff has not provided any concrete examples where Defendant has attempted to introduce evidence of Plaintiff's character. Accordingly, any relief regarding character evidence is denied as premature.

### G. Plaintiff's Alleged Drug Problem or Alleged Drug Seeking Behavior

The Court notes that it has already previously ruled on this issue.[21] The Court further notes that Defendant previously indicated that it has no intention of introducing evidence of any drug seeking behavior.[22] The motion as to this request is denied as moot.

---

[21] *See* R. Doc 59.
[22] *See* R. Doc. 50.

### H. Reference to Unrelated Injuries

Plaintiff contends that "evidence of unrelated injuries suffered by Ms. Tillman in a remote workers' compensation injury would likely confuse the jury and shift their focus from the real issues and injuries that Plaintiff suffered in this case."[23] Plaintiff provides no further information as to any injuries or the timeframe of those injuries. To the extent that any previous injuries relate to injuries alleged in this case, either in time or in scope, evidence of past injuries may be relevant and admissible.[24] However, there is insufficient evidence provided in Plaintiff's Motion *in Limine* to determine whether any past injury is relevant or not. Therefore, the Court denies the motion as to this request as premature.

### I. Reference to Prior Motor Vehicle Collisions or Injuries

The Court notes that this request by Plaintiff is overly broad. It is unclear whether Plaintiff is seeking to include all information regarding past motor vehicle collisions or injuries, information as it relates to litigation, information as it relates to injuries sustained in previous accidnece, or a combination. Further, for the reasons stated above, evidence of prior motor vehicle collisions or injuries may be relevant as to the issue of causation or to demonstrate the extent of Plaintiff's injury. As the Court does not have sufficient information to rule on this aspect of the Motion *in Limine* at this point, the Court denies the motion as to this request as premature.

---

[23] R. Doc. 82-1.
[24] *See Keith v. United States*, No. CIV. A. 00–1414, 2001 WL 649768, at *1 (E.D. La. June 11, 2001) (explaining that pre-existing injuries can be relevant regarding the issue of causation and to demonstrate the extent of plaintiff's injury); *see also Ewell v. Schwegmann Giant Super Markets*, 499 So.2d 1192 (La.App. 5th Cir., 1986) (finding evidence of prior injury and claims is admissible insofar as they bear upon any issue before the court, including credibility, and to establish whether a disability is causally related to the particular accident).

### J. Reference to Plaintiff's Previous and Other Claims

The Court notes that this request by Plaintiff is overly broad. Thus far, Defendant has not sought to introduce evidence of Plaintiff's past lawsuits, nor has Plaintiff provided the Court with information as to what it is seeking to exclude. As the Court does not have sufficient information to rule on this aspect of the Motion *in Limine* at this point, the Court denies the motion as to this request as premature.

### K. Evidence of Video Surveillance

Counsel are instructed that the withholding of any potential impeachment evidence must be communicated, and provided, to the Court by email for a determination of whether any such potential evidence may be withheld from timely disclosure pursuant to any discovery request. Failure to do so may result in exclusion of any evidence not timely disclosed.

### L. Evidence of Collateral Source

Plaintiff moves to exclude evidence, testimony, or argument regarding any payments for medical treatment made by any collateral source, including Plaintiff's third-party health insurers, disability insurers, or worker's compensation insurers. The collateral source rule governs the treatment of payment by third-parties of a party's medical bills.[25] The collateral source rule provides that "a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be reduced, because of monies received by the plaintiff from sources independent of the tortfeasor's procuration or contribution."[26] "Evidence that the injured party received from a collateral source is

---

[25] *Bozeman v. State*, 03-1016 (La. 7/2/04), 879 So.2d 692, 697.
[26] *Id.* at 698.

inadmissible under the rules of relevancy."[27] Accordingly, any evidence of payments from collateral sources is not relevant to the claims in this case and would be unduly prejudicial to Plaintiff. Evidence of payments made by third parties of Plaintiff's health care costs arising from the incident in dispute are to be excluded under the collateral source rule and under Fed. R. Evid. 401-403.

### M. Reference to this Motion *in Limine*

Evidence that Plaintiff filed a Motion *in Limine* seeking to exclude certain evidence from being presented at trial is not relevant under Fed. R. 401 and thus is not admissible.

### N. The "Golden Rule Argument"

The Court notes that the "golden rule argument" was previously raised[28] and ruled on by this Court.[29]

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion *in Limine* is **GRANTED** in part and **DENIED** in part as stated herein.

New Orleans, Louisiana, December 1, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[27] *Global Petrotech, Inc. v. Engelhard Corp.*, 58 F.3d 198, 202 (5th Cir. 1995).
[28] *See* R. Doc. 47.
[29] *See* R. Doc. 60.